```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
               3:09cv202-W-2
                (3:06cr23-W)
```

| | |
|---|---|
| JERRY THOMAS COLLINS,    )<br>                          )<br>        Petitioner,     )<br>                          )<br>    v.                    )    ORDER<br>                          )<br>UNITED STATES OF AMERICA, )<br>                          )<br>        Respondent.       )<br>_____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed May 18, 2009 (Doc. No. 1). After having carefully reviewed that pleading, the record of Petitioner's criminal case, and the relevant legal precedent, the Court concludes -- out of an abundance of caution -- that Petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him timely to pursue a direct appeal of his underlying criminal case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2006, Petitioner was charged with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count One), with possession with intent to distribute 50 or more grams of cocaine base and an unspecified quantity of cocaine, all in violation of 21 U.S.C. § 841(Count Two), and with using or carrying a firearm during and

in relation to a drug trafficking offense, all in violation of 18 U.S.C. § 924(c) (Count Three). (Case No. 3:06cr23-W, Doc. No. 1). On November 3, 2006, Petitioner appeared before the Court for his Plea and Rule 11 Hearing during which he tendered straight-up guilty pleas to the foregoing charges. (Case No. 3:06cr23-W, Doc. No. 18: Entry and Acceptance of Guilty Plea (Rule 11 Proceeding) form).

On April 7, 2008, Petitioner appeared before the Court for his Factual Basis and Sentencing Hearing. During that proceeding, the Court determined that Petitioner was subject to enhanced sentencing as both an armed career criminal under 18 U.S.C. § 924(e) and a career offender under U.S. Sentencing Guidelines § 4B1.1. The Court determined that Petitioner's Criminal History Category for the felon-in-possession and drug convictions was IV; that such Offense Level and Category yielded a range of 322 to 387 months; and that Petitioner also was subject to a consecutive term of 60 months imprisonment for the § 924(c) conviction. Ultimately, the Court sentenced Petitioner to two concurrent terms of 262 months imprisonment on Counts One and Two, and to a consecutive term of 60 months imprisonment on the § 924(c) conviction from Count Three, for a total of 322 months imprisonment. The Court's Judgment was filed May 15, 2008. (Case No. 3:06cr23-W, Doc. No. 22). Petitioner did not file a notice of appeal in this case.

Rather, on May 13, 2009,[1] Petitioner filed the instant Motion to Vacate, alleging five separate claims against his former attorney -- the most pertinent being, that counsel failed to honor Petitioner's request for a direct appeal.  Thus, Petitioner now asks this Court to vacate and re-enter its Judgment so that he can file the desired direct appeal.

## II.  **ANALYSIS**

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel -- irrespective of the merits of the appeal.  See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

More recently, in United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its holding from Peak, there agreeing with a petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."  In

---

[1] Petitioner's Motion actually was received by the Clerk's Office on May 18, 2009.  However, the certification on the Motion reflects that Petitioner delivered it to prison authorities for mailing to this Court on May 13, 2009. Therefore, pursuant to Houston v. Lack, 487 U.S. 266 (1988), Petitioner's Motion shall be treated as having been filed as of May 13, 2009.

3

fact, the Poindexter Court stated that counsel's conduct would be prejudicial under those circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. 492 F.3d at 273. Essentially, the Court observed that while in cases such as the instant one, the petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," that is a statutory right which simply cannot be taken away from him. Id. See also Rodriquez v. United States, 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

In the instant case, Petitioner expressly has alleged that his attorney "failed to file a timely Notice of Appeal, after being instructed to do so." Under these circumstances, counsel's failure to honor Petitioner's instruction that he file an appeal for Petitioner violates the principles announced in Peak and reaffirmed in its progeny, Poindexter. Thus, even if the Government were to file a response containing an affidavit wherein Petitioner's former attorney merely denies this allegation, the relevant legal precedent all but requires this Court to grant Petitioner's Motion to Vacate as to that limited issue in order to allow him to proceed with a direct appeal.

Accordingly, in light of the instant record the Court finds, out of an abundance of caution, that it should grant Petitioner's

Motion, but only for the purpose of allowing him to file a direct appeal. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Therefore, the Court will vacate its Judgment and enter a new, identical Judgment so that Petitioner may appeal his conviction and/or sentence.

### III.  **NOTICE OF APPELLATE RIGHTS**

Mr. Collins, you hereby are advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without having to pay the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one. Notwithstanding whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

Finally, since the Court has determined that it should grant

Petitioner's Motion to Vacate for the purpose of restoring his appellate rights, it must defer ruling on his four remaining claims of ineffective assistance of counsel. See United States v. Killian, 22 Fed. App'x. 300, 301 (4th Cir. 2001)(noting that where district court grants motion to vacate under Peak, the court must defer ruling on petitioner's remaining claims) (unpublished). Therefore, Petitioner's remaining claims are dismissed without prejudice.

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. That Petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing Petitioner timely to appeal his case;

2. That Petitioner's original Judgment is **VACATED** due to counsel's failure to honor Petitioner's request for an appeal;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as imposed in the original Judgment;

4. That Petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the Government is aware that former defense counsel has in his possession a document which affirmatively establishes that Petitioner advised counsel that he did not want an appeal, such as a signed waiver, counsel for the Government may present such evidence to the Court by way of an

6

appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: May 27, 2009

Frank D. Whitney
United States District Judge